OPINION OF THE COURT
Patricia D. Marks, J.
This is a decision on an application by the district attorney seeking to extend the time period to file a notice of intent to seek the death penalty. The parties have signed a written stipulation in support of such application wherein they stipulate that *441 good cause exists to extend the time in which the People must file and serve a written notice of intent to seek the death penalty to January 20, 2004.* The defendant signed in open court a waiver of the requirement that the People serve a written notice of their intent to seek the death penalty within 120 days of arraignment. He specifically waives any claim concerning the timeliness of the filing of a written notice of intent to seek the death penalty.
During oral argument the district attorney indicated to the court that the extra time was necessary for a determination on the merits of their case. The defense attorney asserted that the investigation into the background of the defendant was ongoing and additional time was needed to continue that investigation.
The issue for this court to decide is whether a court may grant an extension of the time limitation for filing of the notice of intent to seek the death penalty when the parties stipulate and agree that good cause exists. The statute as it applies to this issue provides:
“In any prosecution in which the people seek a sentence of death, the people shall, within one hundred twenty days of arraignment upon the indictment charging the defendant with murder in the first degree, serve upon the defendant and file with the court in which the indictment is pending a written notice of intention to seek the death penalty. For good cause shown the court may extend the period for service and filing of the notice.” (CPL 250.40 [2].)
Clearly the statute does not anticipate a waiver or stipulation.
A trial court has addressed this issue rejecting the proffer of consent or stipulation to extend where the district attorney sought an extension on consent where the People asked for additional time to await the results of DNA analysis to assess the strength of their case (see People v Miller, Sup Ct, NY County 2000, Index No. 1969/2000) but another trial court granted the extension and found good cause where there was a written stipulation entered into by the parties conceding that good cause exists in that defendant had difficulties in gathering mitigating evidence (see People v Arroyo, Schoharie County Ct 1997, Index No. 97-13).
A finding of good cause is a condition precedent to granting an extension. The Legislature appears to be sending a clear *442 signal that the court should be overseeing the time in which the case is to be considered a death penalty case. At least a cursory inquiry is required before the court may grant the extension. A finding of good cause is not clearly defined and is committed to the sound discretion of the trial court.
Federal law requires a finding of good cause in order to permit the amendment of a similar notice of intent (18 USC § 3593 [a]). The trial court found good cause where the prosecutor was required to await approval of the United States Attorney General before so amending the notice (see United States v Cuff, 38 F Supp 2d 282 [SD NY 1999]). In another case, the trial court determined that good cause existed and permitted filing of a late amended death penalty notice where the court concluded that the amendment would not prejudice the defendant’s rights and that the notice supplemented evidentiary detail (see United States v Bin Laden, 126 F Supp 2d 290 [SD NY 2001]).
This court concludes that there is a requirement that the court make a specific finding of good cause. This court finds that good cause exists in this case as required by the Criminal Procedure Law. Therefore, the request to extend the statutory time period to file the notice of intent to seek the death penalty to January 20, 2004 is granted.

 The actual document states January 20, 2003 but it is apparent that this is a typographical error based on the context.